From this decree there was an appeal on the following grounds:
First, — 'That the marriage settlement of 10th May, 1792, under which the defendants claim is void by reason of its not being recorded within the time limited by law.
Second, — That the conveyance of William Heriot of the lot, No. 318 and seven negroes, of the 29th August, 1795, is void against creditors for all beyond the actual consideration proceeding from Mrs. Heriot.
Third, — That all the subsequent conveyances and purchases to the benefit of the wife and children of Mr. Heriot ought to enure to the benefit of his creditors inasmuch as it appears that these purchases were made by Mr. William Heriot, and the transfer to his children was unsupported by any legal consideration which ought to protect them against creditors.
BiANDiNG, Comp. Sol.
The appeal was heard at Columbia, by the Chancellors Desaussure, Gaillard, Wáties, James and Thompson.
After the argument, the court pronounced the following decree:
We have considered this case with attention, and we are of opinion, thatthe conveyances of property for the benefit of Mrs. Heriot’s children were supported by considerations of sufficient value to maintain them against a subsequent mortgage creditor. But the marriage settlement stands on a different footing. That deed was executed on the 10th May, 1792, and recorded on the 4th March, 1795, in the register’s office in Georgetown district. The law requires marriage settlements to be recorded within three months, and in the secretary’s office. *238 If it had been so recorded, there would have been no question of its validity, however indebted the husband might have been at the time, for the settlement was of the wife’s property, and the consideration was marriage.
But it was insisted at the trial in the Circuit Court, and the circuit judge was induced to be of that opinion, that the settled property being the wife’s, and the deed being recorded long before the debt was incurred, which was the foundation of the complainant’s suit, and the recording being at the placo of residence of Mr. Taylor, sufficiently established the settlement. The court is however of a different opinion, the circuit judge concurring; The grounds relied upon to prevent the operation of the law in this case, which requires the settlement to be recorded in the secretary’» office within three months, are not of sufficient weight. The property being the wife’s, does not vary the case. The marital rights and the obligations of the husband will attach to the wife’s property; unless there is interposed a settlement ex? ecutcd and recorded conformably to law. And this liability of the property brought in marriage by the wife, extends as Well to debts incurred after the marriage as before. The argument that the deed of settlement being recorded before the debt was contracted in the register’s office, where Mr. Taylor resided, was sufficient to put him on his guard, and was sufficient notice to him of the existence and effect of the settlement, cannot be maintained. It is true that the registering acts to guard against double sales and mortgages have been so construed in equity, notwithstanding these positive provisions, as to give effect to the last recorded deed, against the first recorded deed, where it is clearly made out in proof, that the holder of the first recorded deed, knew at the time he was taking it, that another deed was in existence, conveying the same propei’ty to a third person. And tills rule is founded upon the manifest equity of preventing a man from converting that which was intended as.a shield to guard him from fraud, into a sword to wound others, and to support his own fraud. And so Lord Hardwicke has expressly decided in Leneve *239 vs. Leneve, 3 Atk. 646, 650, 1,2. See also Sheldon vs. Cox, Ambler, 624, arid Newland on Contracts, 509, 510, It is true that lord Alvanly in the case of Tolland vs. Stainbridge, 3 Ves. jr. 478, expresses regret, that the registry act had been broken in upon by parole evidence; but he acknowledged it as the settled doctrine. If this doctrine, growing out of, and applied to the registering acts, for guarding against frauds in double sales and mortgages be applicable to the law for registering marriage settlements, (to which they have considerable analogy, but upon which the court does not now mean to give any opinion) still -the doctrine must be taken with all its limitations. And lord Hardwicke, who established the doctrine on clear principles, lias also fixed the limits. In the case of H:nc v. Dodd, 2 Atk. 275, he lays it down, that equity will not relieve against the legal estate, which the subsequent purchaser has obtained, by registering his deed, unless in a case of apparent fraud, or clear and undoubted notice; but suspicion of notice, though a strong suspicion, is not sufficient to justify the court in breaking in upon an act of parliament, and this has been followed in the case of Tollaiid pud Stainbridge, 3 Ves. 448. Nov,' in the case under consideration, there is no pretence of fraud on the part of Mr. Taylor, and there is no, proof of clear and undoubted notice. Suspicion of notice arising from recording the deed in an office at his place of residence, is not sufficient of itself to make out that clear and undoubted notice, necessary to entitle the party to relief op protection, and there are no additional circumstances of sufficient weight to support the mere suspicion of notice growing out of the recording of the settlement in Georgetown. The marriage settlement therefore in this case cannot protect the property comprehended in it against the claims of creditors.
It is therefore ordered and adjudged that so much of the decree of the circuit court as establishes the validity of the marriage settlement, and protects the property comprehended therein from the claims of Archibald Taylor and others, be reversed, and that the circuit court be directed to order a reference to tire commissioner to examine *240 and report what that property at present consists of, and to state the rights of the creditors therein, according to their legal priorities, and to make such further orders and decrees therein as justice may require.
And it is further ordered and adjudged, that the rest of the decree of the circuit court, relative to the other deeds in question, be affirmed, and that each of the par¡ties pay their own costs of suit.
Henry Wm. Desaussure, ; Theodore Gaiu.ard, Thomas Wattes, Wilt.iam Dobein James, W. Thompson.
Afterwards it was stated to the Court of Appeals, that there had been a mistake in the statement made to the court, that the marriage settlement of August, 1795, had been recorded in the office of the register of mesne conveyances for Georgetown district; for it appeared on further examination since the decree, that the same was recorded in the office of the secretary of state, as the statute provides, but was not recorded until the 4th March, 1795, which was long after the time prescribed by statute; whereupon, on the motion of the solicitors it •was ordered, “ that the case be remanded to the circuit Court for the correction of the said error ; and that the opinion of the court be taken on the legal effect of that correction.”
Afterwards an order of reference was made by order of the circuit court, to ascertain the state of the facts, as to the lots No. 13 and 14. And the commissioner made the following report:
I have been attended by the solicitors as well oh part of the complainant as of the defendants, and find that lots No. 13 and 14, which were sold at the sales of George Heriofs property, were purchased by Wm. Heri-ot, for the sum of seven hundred and ten dollars. That in payment for the said lots, an account of William Heriot, against George Heriot, to the amount of three hundred and ninety-eight dollars and foi’tv-two cents, *241 was received and discounted; and for tbc balance "Wm. Heriot gave his two bonds, with Robert Heriot security. That after tiio death of Wm. Heriot, his executors found the titles among his papers, but the name of the grantee was loft in blank. That the said two lots were included in.the mortgage given by Wm. Heriot to the complainant, of the 24th June, 180".
At the time Mr. Wm. Heriot received the titles, he said that he did not wish to leave his own name inserted in them, but that he intended them for some one of his family.
And by consent of the parties, I further report that thercis.real estate belonging to the said Wm. Horiot, which is necessary to he sold for the payment of his debts, and that the same is hound by judgments obtained against th© said Wm. Heriot, in his lifetime.
Robert Heriot, Commissioner.
The cause again came to a hearing in the Circuit Court at Georgetown,-in which Chancellor Dcsaussure again presided. After argument, the Chancellor pronounced the following decree.
■ This case has now been brought on, and argued on the ground that the deed being recorded in the proper office, (to wit, .the secretary of state’s,) before the transaction with Mr. Taylor, though not within the time prescribed by the act of the legislature, is good and valid, at least as far as relates to Sir. Taylor, and all subsequent creditors. And it was insisted that the deed being recorded, though not within the legal time, was presumptive notice to Mr. Taylor.
By our statute, a deed of settlement must he recorded m the secretary’s office within three months, to entitle property to its protection — otherwise the deed is void as to creditors.
The deed in question was not recorded within the limited time. Then it is void by the very terms of the act, unless the creditors had actual notice of the settlement, and acted in defiance of it; and it is not quite certain that this would be sufficient. . But there is no pre- *242 |cncc of such actual notice. The whole argument is founded on the presumption of notice, arising from the deed being put on record, though after the legal time, jjut this presumption is clearly not of itself sufficient to prove such a notice, as might bar the creditor.
I am therefore of opinion that the property' comprehended in the mortgage to W. Taylor, remains liable to his demand, notwithstanding such deed of settlement;
Another point in the cause made before me, relates to the two lots of land, No. IS and 14, purchased by Mr. Heriot, and put down to him as purchaser $ but the titles were given to him without the name of the grantee being filled up. It is reported by the commissioner, that Mr. W. Heriot paid for those lots by discounting a demand which he had personally against the estate of the seller, for the greater part of the purchase moneys and by giving his bonds for the balance. This report negatives the idea that he paid for the lots with any part of the trust fund. And his parole declarations cannot be set up to establish a trust against the apparent facts of the case. The lots must therefore be liable to the mortgage given of them by Mr. W. Heriot to Mr. Taylor.
It is therefore ordered and decreed, that the property comprized in the deed of settlement, not properly recorded, and the lots No. IS and 14, bo subjected to the mortgage to Mr. Taylor, and sold to satisfy the same on. the usual terms.
From this decree there was no appeal*